Filed 6/22/17

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE, | ) | No. BR 053105 |
| Plaintiff and Respondent, | ) ) | Long Beach Trial Court |
| v. | ) ) | No. 6LB03096 |
| VINCENT PINA, | ) ) | |
| Defendant and Appellant. | ) ) ) | **OPINION** |

Appeal from a Judgment of the Superior Court of Los Angeles County, Long Beach Trial Court, Halim Dhanidina, Judge.  Reversed.

Medvei Law Group and Sebastian M. Medvei for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

We hold here Vehicle Code section 22520.5, subdivision (a), which makes it a crime to "solicit, display, sell, offer for sale, or otherwise vend or attempt to vend any merchandise or service" in designated locations on and near freeway on-ramps and off-ramps, does not prohibit begging or panhandling.

Defendant Vincent Pina appeals the judgment following his conviction of violating Vehicle Code section 22520.5, subdivision (a), contending there was insufficient evidence presented at trial that he violated the statute. He further contends the statute violated his First Amendment rights. The People have not filed a brief disputing defendant's position. As discussed below, we agree with defendant's first contention, and reverse solely on that basis.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was originally charged with a misdemeanor violation of Vehicle Code section 22520.5, subdivision (a). The court reduced the offense to an infraction on the People's motion, and the matter proceeded to a court trial.

City of Long Beach Police Officer Michael Demarco testified that, on June 10, 2016, he was in a patrol vehicle, exiting the 405 Freeway at the Bellflower off-ramp. Demarco noticed cars were stopped and traffic had built up on the off-ramp. A person, subsequently identified as defendant, was walking in lanes of traffic on the freeway off-ramp accepting money from motorists whose vehicles were stopped for the red light. In one instance, defendant walked up to a vehicle, accepted money from a driver, put the money in his pants pocket, and returned to the curb.

Demarco drove up to defendant, who was sitting on the curb of the off-ramp. Defendant was holding a sign that said, "Lost my job. Lost my home. Lost my car. Please pray for me and my family. Thank you. God bless." Demarco ordered defendant to exit the off-ramp, but defendant refused, asserting his right to stay. Demarco arrested defendant for panhandling on the freeway off-ramp, and found $51.35 in dollar bills and change in his front pocket.

2

The court found defendant guilty of violating Vehicle Code section 22520.5, subdivision (a). The court ordered defendant to pay a fine which, when penalty assessments and other fees were added, amounted to $530.

DISCUSSION

*Defendant's Argument*

Defendant argues Vehicle Code section 22520.5, subdivision (a), only applies to "commercial transactions" and, since he received money without selling goods or services, the People failed to prove he violated the statute. We exercise de novo review regarding the construction of the statute. (*People v. Lofchie* (2014) 229 Cal.App.4th 240, 250.)

Vehicle Code section 22520.5 provides, in relevant part, "(a) No person shall solicit, display, sell, offer for sale, or otherwise vend or attempt to vend any merchandise or service while being wholly or partly within any of the following: [¶] (1) The right-of-way of any freeway, including any on[-]ramp, off[-]ramp, or roadway shoulder which lies within the right-of-way of the freeway. [¶] (2) Any roadway or adjacent shoulder within 500 feet of a freeway off[-]ramp or on[-]ramp. [¶] (3) Any sidewalk within 500 feet of a freeway off[-]ramp or on[-]ramp, when vending or attempting to vend to vehicular traffic. [¶] . . . [¶] (c) A violation of this section is an infraction. A second or subsequent conviction of a violation of this section is a misdemeanor."

Contrary to defendant's argument, the question of the statute's applicability is not governed by *Xiloj-Itzep v. City of Agoura Hills* (1994) 24 Cal.App.4th 620 (*Xiloj-Itzep*). In that case, the Court of Appeal found Vehicle Code section 22520.5, subdivision (a), did not preempt a local anti-solicitation ordinance. (*Id.* at p. 634.) The Court of Appeal stated, "Vehicle Code section 22520.5 prohibits vending" on or near freeways (i.e., freeways, freeway ramps or areas within 500 feet of a ramp), whereas the city ordinance "regulates solicitation on sidewalks, streets, driveways and highways within the City's jurisdiction." (*Id.* at pp. 642-643.) Yet, *Xiloj-Itzep* did not consider the question of whether Vehicle Code section 22520.5's prohibition against solicitation applied to solicitation of alms, begging, or panhandling, and therefore the opinion is not controlling on the issue before us. (See *People v. Scheid* (1997) 16 Cal.4th 1, 17

[""an opinion is not authority for a proposition not therein considered""].) We proceed to examine the law to determine whether it applies to the present case.

*Text of the Statute*

"'Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose.' [Citation.] To determine legislative intent, the court's first step in statutory construction is to 'look to the words themselves, giving them their ordinary meanings and construing them in context.' [Citation.]" (*People v. Salas* (2017) 9 Cal.App.5th 736, 741-742.)

The beginning of the statute provides, "No person shall solicit . . . ." The word "solicit" means "to try to obtain by usually urgent requests or pleas • *solicited* donations" (<http://www.merriam-webster.com/dictionary/solicit> [as of June 15, 2017]), and to "[a]sk for or try to obtain (something) from someone" (<http://www.Oxforddictionaries.com /definition/english/solicit> [as of June 15, 2017]). (See *People v. Whitlock* (2003) 113 Cal.App.4th 456, 462 [when interpreting a statute, "[t]o ascertain the common meaning of a word, 'a court typically looks to dictionaries'"].) In the context of soliciting a person to commit a crime (Pen. Code, § 653f), "[s]olicitation is defined as an offer or invitation to another . . . . [Citation.]" (*People v. Sanchez* (1998) 60 Cal.App.4th 1490, 1494.) In other criminal contexts, the word has been defined as """to seek to induce or elicit""" and """to ask for the purpose of receiving; to endeavor to obtain by asking or pleading.""" (*People v. Superior Court (Hartway)* (1977) 19 Cal.3d 338, 345.)

The word "solicit" is therefore not confined to transactions involving the exchange of goods or services for money. Moreover, although defendant did not overtly ask for money or other alms, his conduct could reasonably be understood as a request for money from passing motorists rather than just an invitation for people to pray for him and his family. (See *People v. Brooks* (2017) 2 Cal.5th 674, 729 [on appeal, we view the evidence in the light most favorable to support the judgment].)

However, "solicit" in the statute is followed by the words "display, sell, offer for sale, or otherwise vend or attempt to vend any merchandise or service." The word "vend" means "to sell especially as a hawker or peddler" (<http://www.merriam-webster.com/dictionary/vend>

4

[as of June 15, 2017]), and to "[o]ffer (small items) for sale, either from a stall or from a slot machine" (<http://www.Oxforddictionaries.com/definition/english/vend> [as of June 15, 2017]). A "sale" or "to sell" necessarily involves a transaction involving valuable consideration. (See, e.g., Rev. & Tax Code, § 6006 [for tax purposes a sale must be accompanied by consideration]; Civ. Code, § 1605 [consideration requires exchange of something of value].) Hence, for present purposes, if the word "solicit" were qualified by the phrase "or otherwise vend or attempt to vend any merchandise or service," only solicitations where the purpose is to provide merchandise or services in exchange for some form of consideration would be proscribed by the statute. Begging and panhandling would not be so prohibited.

"A longstanding rule of statutory construction—the 'last antecedent rule'—provides that 'qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote.' [Citations.]" (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680.) Use of this rule could indicate the phrase "or otherwise vend or attempt to vend any merchandise or service" was intended to modify only the more proximate words immediately preceding it—"display, sell, offer for sale"—and not the more distant word, "solicit."

Yet, an exception to the last antecedent rule "'provides that when several words are followed by a clause that applies as much to the first and other words as to the last, "the natural construction of the language demands that the clause be read as applicable to all." [Citation.]'" (*Mt. Hawley Insurance Co. v. Lopez* (2013) 215 Cal.App.4th 1385, 1413.) The exception applies here. The words "or otherwise vend or attempt to vend any merchandise or service" apply as much to "display, sell, offer for sale" as to the word "solicit," because they are all words that describe activities that can include the exchanging of goods or services for consideration. Indeed, "or otherwise vend or attempt to vend any merchandise or service" must extend to more than just the immediately preceding words "sell," and "offer for sale," to avoid the absurd result that the "display" of anything in designated locations would otherwise be criminalized. (See *People v. Sinohui* (2002) 28 Cal.4th 205, 212 [reviewing court must "'select the construction that comports most closely with the apparent intent of the Legislature, with a

5

view to promoting rather than defecting the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences'"].)

Under the statute, a person may not "solicit, display, sell, offer for sale, or otherwise vend or attempt to vend any merchandise or service." Had the Legislature intended to refer to all forms of solicitation, the statute could have been written to say, "No person shall solicit *or*, display, sell, offer for sale, or otherwise vend or attempt to vend any merchandise or service . . . ." The absence of the disjunctive word "or" after the word "solicit" suggests there was no intent to treat "solicit" differently from the other antecedent words that follow, thereby reinforcing the interpretation that "or otherwise vend or attempt to vend any merchandise or service" applies equally to "solicit." (See *Center for Local Government Accountability v. City of San Diego* (2016) 247 Cal.App.4th 1146, 1153 ["'antecedents' separation by the disjunctive 'or' is evidence the antecedents should be treated distinctly"].)

Further, the statute's use of the words "or otherwise" indicates an intent that the enumerated activities that precede the phrase "or otherwise vend or attempt to vend any merchandise or service" must be similar vending activities. "The term 'or otherwise' is a relative term. 'When so used as a general phrase following the enumeration of particular things, such words are usually interpreted in a restricted sense as referring to things or matters of the same kind [*ejusdem generis*] as those specifically enumerated.' [Citations.]" (*Biggers v. Workers' Comp. Appeals Bd.* (1999) 69 Cal.App.4th 431, 440.) Thus, the text of the statute indicates the kind of solicitation targeted and proscribed by the statute is commercial, rather than charitable, in nature.

*Other Indicia of Intent*

To the extent the words of the statute are ambiguous as to whether all solicitations are contemplated or only those involving vending and attempted vending of merchandise or services, we consider further evidence of legislative intent. When "'the statutory language may reasonably be given more than one interpretation, ""'courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute."'"' [Citation.]" (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)

Vehicle Code section 22520.5 was enacted in 1981 by Senate Bill No. 494 (SB 494). As introduced, the punishment for the offense provided in the bill was a misdemeanor, whereas presently it is a misdemeanor or an infraction. However, the language of the statute regarding "solicit, display, sell, offer for sale, or otherwise vend or attempt to vend any merchandise or service" has remained the same from the time the bill was introduced to the present. The title of the bill was "SB 494, as introduced. Montoya. Freeways. *Vending*." (Italics added.) (Legis. Counsel's Dig., Sen. Bill No. 494 (1981-1982 Reg. Sess.) The title of the bill tends to show the intent was to limit the statute to acts related to vending. (See *Spencer v. G. A. MacDonald Construction Co.* (1976) 63 Cal.App.3d 836, 847 ["The title of the bill naturally suggests the field of legislation" contemplated].)

Reports of the committees that analyzed the bill strongly demonstrate the Legislature contemplated the statute would apply only to activities related to vending and attempted vending of merchandise or services. (See *Mt. Hawley Insurance Co. v. Lopez*, *supra*, 215 Cal.App.4th at p. 1401 ["'In construing a statute, legislative committee reports, bill reports, and other legislative records are appropriate sources from which legislative intent may be ascertained'"].)

An analysis of SB 494 prepared by the Senate Transportation Committee provided the following description, "This bill would prohibit the sale of merchandise or services within the boundaries of a freeway, with specified exceptions." (Sen. Transportation Com., Analysis of Sen. Bill No. 494 (1981-1982 Reg. Sess.) April 2, 1981, p. 1.) The analysis stated, "Current law prohibits parking any vehicle or structure within a state highway for the purpose of selling articles or services. The law does not specifically prohibit, however, the sale of items or services within a freeway right-of-way or at freeway on ramps or off ramps. [¶] The Highway Patrol reports that some persons are engaged in selling merchandise at freeway on ramps and off ramps, within the right-of-way. The Patrol states that these sale activities present a safety hazard and cause traffic stoppages and congestion." (*Ibid*.) In addition, the analysis provided, "This bill would make it a misdemeanor to vend merchandise or services within the freeway right of way, including freeway ramps. Proponents of the bill believe that misdemeanor status is necessary for this prohibition in order to stop freeway vending. If the penalty were given

7

infraction status, some persons could find it profitable to continue their sales while paying the relatively minor infraction penalty. Also, the penalty for sales within highway boundaries currently is a misdemeanor. [¶] The provision prohibiting sales would not apply to towing service vehicles or to persons issued a permit to vend on freeways. Currently the Department of Transportation issues vending permits to persons who install snow chains on tires in winter months. . . ." (*Id*. at pp. 1-2.)

The analysis by the Assembly Committee on Criminal Justice largely mirrored the Transportation Committee's analysis regarding the contemplated scope of the statute. The analysis stated SB 494 "would create a misdemeanor offense for selling merchandise or services within a freeway right-of-way or on ramp or off ramp." (Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 494 (1981-1982 Reg. Sess.) Aug. 17, 1981, p. 1.) Like the Senate Committee Analysis, the Assembly Committee analysis stated, "The Highway Patrol reports that some persons are engaged in selling merchandise at freeway on ramps and off ramps and that such activity creates a traffic hazard and causes congestion." (*Ibid*.) In accord with the senate analysis, the assembly analysis stated that the California Highway Patrol believed the penalty should be a misdemeanor "because some vendors would be able to pay the infraction fine and still make a profit." (*Ibid*.)

The legislative history of SB 494 reveals a legislative intent to address and remedy the problem related to the sale and attempted sale of merchandise and services on and near freeway ramps. Outlawing begging and panhandling in the specified locations was not contemplated.

Examination of a parallel provision of Vehicle Code section 22520.5, subdivision (a), governing roadside rest areas and vista points, buttresses this interpretation of the statute. Streets and Highways Code section 225.5 provides, in relevant part, "(a) Notwithstanding Section 22520.5 or 22520.6 of the Vehicle Code, and except as specifically authorized by this article, no person shall display, sell, offer for sale, or otherwise vend or attempt to vend any merchandise, foodstuff, or service within any vista point or safety roadside rest area. [¶] (b) No person shall solicit money within any vista point or safety roadside rest for any purpose." (As indicated above, Veh. Code, § 22520.6 provides in relevant portion, "(a) No person shall

8

engage in any activity within a highway roadside rest area or vista point prohibited by rules and regulations adopted pursuant to Section 225 of the Streets and Highways Code.")

The wording of Streets and Highways Code section 225.5 shows that when the Legislature intends to criminalize solicitation of money for purposes unrelated to vending in areas frequented by motorists, "'it clearly knows how to do so.'" (*People v. Cole* (2006) 38 Cal.4th 964, 980.) To bar all forms of solicitation in a designated area, including solicitation of donations, the Legislature could specifically delineate, as it did in Streets and Highways Code section 225.5, subdivision (b), that solicitations are criminalized "for any purpose." The fact that the Legislature did not separately address solicitations in this manner in Vehicle Code section 22520.5 is indicative of an intent to only criminalize solicitations done for the purpose of vending and attempted vending.

Lastly, construing the statute to exclude begging and panhandling on and near freeway ramps is consistent with the subject matter's statutory scheme. Pedestrians are generally prohibited to be on roadways and freeways (Veh. Code, §§ 21956, 21960), they must yield the right-of-way to motor vehicles unless in designated crosswalks (Veh. Code, § 21954, subd. (a)), and, even while in crosswalks, they must not unnecessarily delay traffic (Veh. Code, § 21950, subd. (b)). An interpretation of the statute excluding begging and panhandling leaves this regulatory framework intact and still allows public safety to be maintained on off-ramps and on-ramps, as provided by these statutes. There are also ordinances regulating some forms of begging and panhandling in public places. (See, e.g., Long Beach Mun. Code, § 9.35.010 [barring aggressive solicitation of money or items of value]; Los Angeles Mun. Code, § 41.59 [same].) Nothing in this opinion invalidates local ordinances.

*Conclusion*

Defendant was arrested, prosecuted, and convicted on the theory that he violated Vehicle Code section 22520.5, subdivision (a), by panhandling while on a freeway off-ramp. However, given the plain meaning of the statute and our assessment of the pertinent legislative history, defendant's conduct did not come within the definition of the conduct prohibited therein, i.e.,

9

"soliciting, displaying, selling, offering for sale, or otherwise vending or attempting to vend any merchandise or service."

DISPOSITION

The judgment is reversed.

_____
RICCIARDULLI, J.

We concur:

_____          _____
KUMAR, Acting P. J.                                      RICHARDSON, J.

10