Filed 10/6/21  In re J.Y. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.Y. et al., Persons Coming Under the Juvenile Court Law. | |
| | D078859 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J520193) |
| v. | |
| T.F. et al. | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of San Diego County, Marian F. Gaston, Judge.  Appeals dismissed.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant T.F.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant J.Y.Y.

Lonnie J. Eldridge, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

T.F. (Mother) and minor J.Y.Y. (together appellants) appeal from orders made at a contested hearing held on April 16, 2021, arguing that the record does not show that the San Diego County Health and Human Services Agency (the Agency) conducted a sufficient inquiry regarding Mother's Indian ancestry under the Indian Child Welfare Act (ICWA, 25 U.S.C. § 1901 et seq.).

The Agency responded to these appeals by filing a request for judicial notice of postjudgment rulings by the juvenile court dated September 9, 2021 that ordered J.Y.Y. and H.Y. returned to the care of J.Y. (Father). We previously granted the Agency's request for judicial notice filed August 18, 2021 establishing that six of the eight children had been returned to Father's care on July 28, 2021. The Agency seeks to dismiss these appeals arguing that the transition of J.Y.Y. and H.Y. to Father's care rendered the appeals regarding the adequacy of the ICWA inquiry moot because all the children are now in parental custody. If we deny its dismissal motion, the Agency concedes that further ICWA inquiry is needed.

Mother opposes the request for judicial notice. Assuming we grant the Agency's request for judicial notice, Mother contends that the appeals should not be dismissed as moot. Even if we find the appeals to be moot, Mother argues that the appeals should not be dismissed because they raise an important issue that is capable of repetition yet evading review.

We grant the Agency's request for judicial notice and its motion to dismiss the appeals. (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676 [appellate courts routinely consider limited postjudgment evidence in connection with motions to dismiss].)

FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father (parents) are married and have nine children who, at the beginning of this dependency proceeding, ranged in age from two to 17 years old: A.Y., J.Y.Y., H.Y., Du.Y., J.J.Y., J.Y., D.Y., J.I.Y., and J.E.Y. In January 2020, the Agency filed petitions pursuant to Welfare and Institutions Code section 300, subdivision (b)(1),[1] alleging a protracted history of domestic violence between the parents.[2] The petitions also alleged that despite a history of mental health concerns and substance abuse, Mother continues to abuse alcohol.

Mother initially reported having Sioux heritage through her father's family. Mother, however, is not a registered member of a tribe and stated "that was generations ago." Mother then reported that her cousin informed her that the family's Indian ancestry is Cherokee. Mother's first cousin stated that her great-great-great-grandmother was a "full blooded Cherokee." At the detention hearing, the juvenile court ordered the children detained at Polinsky Children's Center, an approved foster home, the home of an approved relative, or the home of a nonrelative extended family member. At the contested jurisdiction/disposition hearing in August 2020, the juvenile court sustained the petitions, removed the children from their parents, found a reasonable inquiry had been made to determine whether the children were Indian children, and concluded that ICWA did not apply. On April 16, 2021,

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.

[2]    The eldest child, J.E.Y., turned 18 in April 2020 and the juvenile court terminated its jurisdiction as to this child in August 2020. The remaining eight children are referred to as "the children."

at the combined six- and 12-month review hearing, the juvenile court made various orders. Appellants timely appealed.[3]

DISCUSSION

" 'An issue becomes moot when some event has occurred which "deprive[s] the controversy of its life." [Citation.] The policy behind a mootness dismissal is that "courts decide justiciable controversies and will normally not render advisory opinions." ' [Citations.] The voluntary cessation of allegedly wrongful conduct destroys the justiciability of a controversy and renders an action moot unless there is a reasonable expectation the allegedly wrongful conduct will be repeated." (*Center for Local Government Accountability v. City of San Diego* (2016) 247 Cal.App.4th 1146, 1157.)

"ICWA notice is required to be sent whenever it is known or there is reason to know that an Indian child is involved in a ' "child custody proceeding" ' within the meaning of ICWA, which includes a proceeding for temporary or long-term foster care or guardianship placement, termination of parental rights, preadoptive placement after termination of parental rights, or adoptive placement. [Citations.]" (*In re M.R.* (2017) 7 Cal.App.5th 886, 903-904.) "ICWA does not apply to a proceeding to place an Indian child with a *parent.*" (*In re J.B.* (2009) 178 Cal.App.4th 751, 758.) Because the children have been placed with Father, appellants' challenge to the adequacy of the ICWA inquiry is now moot. Nevertheless, the underlying dependency case and ICWA's duty of inquiry are ongoing. We therefore may address the

3    Specifically, J.Y.Y. appeals from the juvenile court's orders: (1) for a higher level of care under section 387, (2) for supervised visits with Father under section 388, and (3) for out-of-home placement under section 366.21, subdivision (f). Mother appeals from the juvenile court's orders for supervised visitation and continued out of home placement for the children, and its finding that she received reasonable services.

4

merits of appellants' claim if it is reasonably probable that issues concerning ICWA compliance could arise again—for example, if supplemental petitions were filed removing the children from Father. (§ 387; see *Fallbrook Sanitary Dist. v. San Diego Local Agency Formation Com.* (1989) 208 Cal.App.3d 753, 757 ["where the issues raised on appeal affect the general public interest and there is a reasonable probability that the same questions will again be litigated, an appellate court may, although the appeal is subject to dismissal, adjudicate the issues involved"]; see also *In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404 ["a reviewing court may exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review"].) The record here does not show such a reasonable probability that issues concerning ICWA compliance could arise again, or evade review.

At the beginning of the dependency proceeding, Father had the six older children in his care and Mother had the three youngest children in her care. The parents have a history of domestic violence, Father has experienced housing instability, and Mother has a history of substance abuse. The addendum report filed just before the juvenile court issued the challenged orders states that the four oldest children do not want to visit Mother. The Agency remained concerned about Mother's drug use, with the social worker opining that despite Mother's participation "in many therapeutic settings" she "has not gained insight or has made any behavioral changes." In contrast, Father had secured a three-bedroom apartment and regularly visited the children. The social worker noted that Father was active in his services and made progress in his domestic violence class and in individual therapy.

The juvenile court's recent orders returning the remaining two children to Father shows that he is continuing to do well and it is more likely than not that jurisdiction will be terminated at the 18-month date.

Accordingly, we dismiss the appeals as moot. If, in the future, appellants believe that grounds exist to invalidate the proceedings, they may file an appropriate petition under ICWA. (25 U.S.C. § 1914.)

DISPOSITION

The appeals are dismissed as moot.


GUERRERO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.