Filed 10/24/24  Assn. for L.A. Deputy Sheriffs v. County of L.A. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ASSOCIATION FOR LOS ANGELES DEPUTY SHERIFFS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B326243<br><br>(Los Angeles County Super. Ct. No. 22STCP01254) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Reversed and remanded with directions.

Rains Lucia Stern St. Phalle & Silver, Jacob A. Kalinksi, Brian P. Ross, and Zachery A. Lopes for Plaintiff and Appellant.

Miller Barondess, Mira Hashmall, Eleanor S. Ruth, and Lauren M. Brody for Defendant and Respondent.

_____

The Association for Los Angeles Deputy Sheriffs (ALADS) appeals from a judgment entered after the trial court denied its petition for writ of mandate. The petition sought to compel the County of Los Angeles (County) to refrain from implementing or enforcing a change in disciplinary procedures relating to noncompliance with the County's requirement that all employees be vaccinated against COVID-19. The petition also alleged the County violated its obligation to meet and confer with ALADS prior to enacting a change in disciplinary procedures.

While this appeal was pending, the County repealed the disciplinary policy challenged by ALADS. The case is now moot. Because the ordinance on which the trial court's judgment is based no longer exists, we reverse the judgment and remand for the trial court to dismiss the petition as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Statutory Framework*

Pursuant to the California Constitution, the County is a legal subdivision of the state and is governed by its charter, which has the force and effect of legislative enactments. (Cal. Const., art. XI, §§ 1, subd. (a), & 3, subd. (a).) The County "may exercise its powers only through the board of supervisors or through agents and officers acting under authority of the board or authority conferred by law." (Gov. Code, § 23005.)[1]

The County Civil Service Enabling Law (§ 31100, et seq.; Enabling Law) enables a county to "by ordinance adopt a limited civil service system for any or all county officers and employees,

---

[1] Further undesignated statutory references are to the Government Code.

except elective officers." (§ 31104.) The civil service ordinance must "designate the appointive officers and employees to be placed in the system." (§ 31106.) The Enabling Law requires the civil service ordinance to include certain provisions regarding employee discipline procedures, including the following: "Any officer or employee in the classified civil service may be dismissed, suspended, or reduced in rank or compensation by the appointing authority after appointment or promotion is complete by a written order, stating specifically the reasons for the action." (§ 31108, subd. (a)(1).) The Enabling Law does not define "appointive officers" or "appointing authority."[2]

As contemplated by the Enabling Law, the Los Angeles County Charter (Charter) establishes a civil service system for County employees and directs the Board of Supervisors (Board) to adopt rules for the civil service system (Civil Service Rules). (See Charter, art. IX, §§ 30, 35.)[3] The Charter requires the Civil Service Rules to provide for the establishment of lists of qualified persons for employment and the certification of those lists to "appointing powers." (Charter, art. IX, § 35, subd. (2).) It is from those "eligible service lists" that County officers, such as the

---

[2]    Other provisions of the Enabling Law not specifically at issue in this case use the term "appointing power" (see, e.g., section 31115.5), which is also not defined.

[3]    The trial court granted ALADS's request to take judicial notice of the Los Angeles County Charter and Ordinance No. 2022-0014 of the County of Los Angeles. We also take judicial notice of those documents. (See Evid. Code, §§ 452, subd. (c); 459, subd. (a)(1).) In addition, we granted ALADS's April 24, 2024 request for judicial notice of the Civil Service Rules of the County of Los Angeles.

3

Sheriff, "shall appoint" members of their departments. (Charter, art. IV, § 12; art. XII, § 51.)

The Charter also directs the Board to appoint a Director of Personnel to administer the civil service system and to "perform such other duties as may be prescribed by said Board pursuant to the provisions of Section 22¾ hereof." (Charter, art. IX, § 32.) Section 22¾ states, "[O]ther than personnel functions which are the responsibility of other appointing authorities pursuant to the provisions of this Charter, the Board of Supervisors may prescribe that the Director of Personnel exercise general supervision over and enforce all or any portion of the rules and procedures of the County's personnel system including, but not limited thereto, . . . the administration of rules and procedures to be followed in the County's employer-employee relationships." (Charter, art. VI, § 22¾.)

The Civil Service Rules adopted by the County define "[a]ppointing power" as "the person, board, or commission having authority to make appointments to a position." (Civil Service Rules, rule 2.03.) The rules also state an employee "may be suspended by the appointing power" pending an investigation or as a disciplinary measure. (Civil Service Rules, rule 18.01(A).)

B. *The COVID-19 Vaccine Mandate and Civil Service Rule 18.10*

In August 2021 the Board established a COVID-19 vaccination policy that required all County employees to be fully vaccinated against COVID-19 by a specified date. The policy was set forth in an October 1, 2021 memorandum issued by the County's Department of Human Resources. The memorandum

4

stated that "[f]ailure to comply with this Policy may result in corrective action, up to and including discharge."[4]

In response to the vaccination policy, then-Sheriff Alex Villanueva stated he would "only seek voluntary compliance" with the vaccine mandate and declared he had "sole authority to decide discipline" within the Sheriff's Department.[5]

On April 5, 2022 the Board amended the Civil Service Rules by adding Rule 18.10, which stated in part: "A. Notwithstanding any other provision of these Rules, the director of personnel may suspend . . . or discharge . . . any employee not in compliance with the County's COVID-19 Vaccination Policy . . . .  For purposes of any such action only, references to the 'appointing power' in Rule 18.01, 18.02, 18.04, or 18.05, as applicable, mean the director of personnel.  [¶]  B. The authority of the Director of Personnel to take any action

---

[4]     An attachment to the memorandum, titled "COVID-19 Vaccination Policy Corrective Action Plan," stated that "[f]ailure to comply with the Policy *will* result in corrective action, up to and including discharge."  (Capitalization and boldface omitted, italics added.)

[5]     In December 2021 ALADS filed a complaint for declaratory relief against the County seeking a declaration that the Board "does not have the lawful authority to suspend or discharge employees of the Los Angeles County Sheriff's Department" and "only the Sheriff of the County of Los Angeles . . . has the lawful authority to suspend or discharge employees of the Department." The County states in its respondent's brief that the lawsuit has been stayed pending the outcome of this appeal.  (See *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles,* Super. Ct. Los Angeles County, No. 21-ST-CV-44293.)

5

described in this Rule supersedes the authority of the appointing power." (Civil Service Rules, rule 18.10 (Rule 18.10).)

C.    *The Petition and Amended Petition*

On April 5, 2022 ALADS filed an unfair labor practice charge with the Los Angeles County Employee Relations Commission (ERCOM) alleging the County had violated its employee relations ordinance by adopting Rule 18.10 without properly fulfilling its meet and confer obligations. Three days later, ALADS filed a petition for writ of mandate pursuant to Code of Civil Procedure section 1085, followed by an amended petition on July 13, 2022.

The amended petition alleged three causes of action relating to the implementation and substance of Rule 18.10. First, ALADS alleged the County had violated its ministerial duty pursuant to statute to meet and confer in good faith with employee organizations prior to amending its disciplinary policies. The second and third causes of action alleged the County had violated its ministerial duties to comply with the Enabling Law and the Charter, respectively. ALADS alleged the Enabling Law (in section 31108) identified an employee's appointing authority as the sole disciplinary authority for that employee and the Charter (in article VI, section 22¾) prohibited the Board from transferring personnel functions from an appointing authority to the director of personnel. Accordingly, the Sheriff was the only proper disciplinary authority for ALADS's members and designation of the Director of Personnel as an appointing authority was unlawful.

The amended petition sought a writ of mandate directing the County: to refrain from implementing Rule 18.10 until it exhausted its meet and confer obligations; to refrain from

6

"allowing an official other than the Sheriff—the Personnel Director—from imposing discipline on ALADS's members;" and a permanent injunction prohibiting the County from "transferring disciplinary authority over non-compliance with the County's mandatory vaccination policy from the Sheriff to the County's Department of Personnel via an amendment to the County's Civil Service Rules."

D.     *The Demurrer, Ruling, and Notice of Appeal*

The County demurred to the amended petition, arguing as to the first cause of action that ALADS had not exhausted its administrative remedies before filing its writ petition. The County noted the ERCOM proceeding was still ongoing and duplicative of the first cause of action. On the merits, the County argued it had complied with the applicable statutory bargaining requirements. Regarding the second and third causes of action, the County argued the applicable laws "do not grant the Sheriff exclusive authority over discipline" and it was within the County's discretion to adopt Rule 18.10.

On December 16, 2022, after hearing argument and taking the matter under submission, the trial court sustained the demurrer without leave to amend. The court found ALADS had failed to exhaust its administrative remedies on the first cause of action. On the second and third causes of action, after analyzing the Charter and applicable statutes, the court found ALADS had "identified no statute or Charter provision mandating that the Board limit an appointing power to a single individual for all purposes." Instead, "the Board has the authority to amend the civil service rules under the Charter. Thus, the Board could amend the civil service rules to define who is an appointing power within the context of the civil service rules."

ALADS filed a notice of appeal on January 23, 2023, before the trial court entered a signed dismissal or other appealable order.  (See *Vibert v. Berger* (1966) 64 Cal.2d 65, 67 ["our courts have held it to be 'hornbook law that [an] order sustaining a demurrer is interlocutory, is not appealable, and that the appeal must be taken from the subsequently entered judgment'"]; see generally Code Civ. Proc., § 581d [all dismissals ordered by the court "shall be in the form of a written order signed by the court and filed in the action"].)  However, a judgment in favor of the County was entered on March 23, 2023.  We therefore treat the premature notice of appeal as filed immediately after entry of the judgment.  (Cal. Rules of Court, rule 8.104(d)(1).)

E.    *The Repeal of Rule 18.10*

While this appeal was pending the County "sunsetted" the COVID-19 vaccine mandate.  Accordingly, on October 17, 2023 the Board repealed Rule 18.10 in its entirety.[6]

In November 2023 ALADS notified ERCOM that it was withdrawing its remaining unfair labor practices claim in light of the repeal of Rule 18.10.[7]

---

[6]    We granted the County's February 2, 2024 request to take judicial notice of the "Statement of Proceedings" for the October 17, 2023 Board meeting; the ordinance repealing Rule 18.10; and the ERCOM meeting minutes for July 18, 2022 and November 27, 2023.

[7]    ERCOM had previously dismissed the part of ALADS's charge regarding the Board's failure to engage in "decision bargaining" prior to enacting Rule 18.10.  But ALADS's claim regarding "effects bargaining" remained pending before ERCOM until ALADS's withdrawal of the claim in 2023.

8

## DISCUSSION

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.""" (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).) "A case becomes moot when events "'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant [the plaintiff] any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*Ibid.*) In other words, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status." (*Id.* at p. 277.)

Even where an appeal is moot, however, "courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P., supra*, 14 Cal.5th at p. 282.) As the Supreme Court explained in *D.P.*, reviewing courts will generally exercise their discretion when the case presents an issue of broad public interest that is likely to recur, there may be a recurrence of the controversy between the parties, or a material question remains for the court to determine. (*Ibid.*)

The County argues we should dismiss this appeal as moot because the repeal of Rule 18.10 renders irrelevant any potential

9

conflict between the rule and the Charter and Enabling Law.[8] "The courts of this state have held that where a disputed statute, order or ordinance is repealed before an appeal is concluded the matter is moot." (*Sierra Club v. Board of Supervisors* (1981) 126 Cal.App.3d 698, 704-705 [finding the "central issue" in the case was moot because county's adoption of new general plan eliminated "the objectionable inconsistency" between the plan and zoning laws]; accord, *Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134 (*Paul*) [finding appeal moot where "administrative regulation in issue has been repealed prior to the appellate decision"]; *Shaw v. Los Angeles Unified School District* (2023) 95 Cal.App.5th 740, 773 ["an intervening change in the law—namely, the repeal or modification of a statute under attack or subsequent legislation correcting a challenged deficiency—that is the crux of a case may result in mootness"].)

ALADS does not challenge the County's characterization of the appeal as moot, nor has it identified any ongoing harm that could be rectified by the outcome it seeks in this case. Instead, ALADS argues we should exercise our discretion to reach the merits of its appeal because the dispute is likely to recur. ALADS contends the County "has demonstrated its willingness and ability . . . to remove the sole disciplinary authority from the Sheriff . . . [and] the County continues to believe that this action was legally permissible." Thus, "it is likely that the County will attempt to remove the sole disciplinary authority from the Sheriff at some point in the future."

---

[8]     ALADS concedes the appeal of its first cause of action regarding failure to meet and confer is moot because ALADS dismissed its administrative unfair labor practice charge before ERCOM and ALADS has no pending administrative claims.

10

ALADS's assertion that the County could at some point in the future in some unknown context amend the Civil Service Rules regarding disciplinary authority is insufficient to warrant our discretionary review of the merits in this case. (*Center for Local Government Accountability v. City of San Diego* (2016) 247 Cal.App.4th 1146, 1157 ["The voluntary cessation of allegedly wrongful conduct destroys the justiciability of a controversy and renders an action moot unless there is a reasonable expectation the allegedly wrongful conduct will be repeated."]; see *TransparentGov Novato v. City of Novato* (2019) 34 Cal.App.5th 140, 151 ["When there is no reasonable basis to believe that a past action will be repeated, a viable claim does not exist simply because a public entity declines to concede that the action was illegal . . . ."].) ALADS has not presented any evidence to support its contention the County's past action of amending disciplinary authority is "'likely to recur,'" other than its speculation that this could happen with respect to discipline in use-of-force cases against Sheriff's deputies. (*D.P., supra*, 14 Cal.5th at p. 282.) In addition, even if the County amends the disciplinary procedures for its employees at some point in the future, there is no reasonable basis to believe that a decision by this court regarding the legality of the specific language and procedure used by the County in this case would have any relevance to a challenge to a future amendment.[9] Moreover, the unusual circumstances of the COVID-19 pandemic are no longer present.

---

[9] ALADS's argument that this case presents an issue of broad public interest fares no better. ALADS argues it is a matter of public concern which individual or entity has the authority to discipline deputy sheriffs. However, that determination may well depend on the context of the decision,

The question remains whether we should dismiss the appeal as moot. "Ordinarily, when, as here, a case becomes moot pending an appellate decision, the reviewing court will simply dismiss the appeal on the ground it can no longer grant any effective relief. [Citations.] However, when subsequent legislative or administrative action renders an entire controversy moot and dismissal of the appeal would have the effect of affirming the underlying judgment without having reached the merits, appellate courts usually "'dispose of the case, not merely of the appellate proceeding which brought it here" [citation] . . . by reversing the judgment solely for the purpose of restoring the matter to the jurisdiction of the superior court with directions to the court to dismiss the proceeding.'" (*La Mirada Avenue Neighborhood Assn. of Hollywood v. City of Los Angeles* (2016) 2 Cal.App.5th 586, 590-591;[10] see *Paul, supra,* 62 Cal.2d at p. 134 [rescission of challenged regulation meant "basis for that judgment has now disappeared," and proper disposition was to reverse the judgment and remand with directions to dismiss the proceeding as moot to avoid impliedly affirming the judgment declaring the regulation unconstitutional]; *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1055 [amendment of

and, as discussed, ALADS has not shown a dispute over this issue is likely to recur.

[10] In *La Mirada Avenue Neighborhood Assn. of Hollywood v. City of Los Angeles, supra,* 2 Cal.App.5th at page 591, we dismissed the appeal as moot instead of vacating the judgment because the case became moot as a result of the action of the appellant who had lost the case below. By contrast, this case has become moot because of the action of the County (the winning party below) in repealing Rule 18.10.

challenged state regulations rendered the "basis for the trial court's judgment . . . nonexistent"; therefore, """"preferable procedure"""" was to remand for dismissal as moot]; *Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2011) 198 Cal.App.4th 939, 944-945 [reversing judgment and directing trial court to dismiss action as moot where city rescinded challenged resolutions and allowing judgment to stand could impliedly legitimize project that been abandoned].)

Because the repeal of Rule 18.10 eliminates the basis for this lawsuit, we adopt the procedure outlined in *Paul*. The alternative urged by the County—to leave the judgment standing but dismiss the appeal—would effectively affirm the judgment, leaving the question open whether the trial court's judgment has any preclusive effect. (See *Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa, supra,* 198 Cal.App.4th at p. 944 [reversal of the judgment "ensures that the judgment can have no issue preclusive effect"].) We therefore reverse the judgment and remand with directions for the trial court to dismiss the amended petition as moot. "Such a reversal, of course, does not imply approval of a contrary judgment, but is merely a procedural step necessary to a proper disposition of this case." (*Paul, supra,* 62 Cal.2d at p. 135.)

## DISPOSITION

We reverse the judgment and remand for the trial court to dismiss ALADS's amended petition as moot. The parties are to bear their own costs on appeal.

FEUER, J.

We concur:

SEGAL, Acting P. J.

STONE, J.