Filed 6/3/14

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MASADA DISENHOUSE, | D063799 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00038448-CU-MC-CTL) |
| MICHAEL R. PEEVEY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge. Affirmed.

Aguirre, Morris & Severson, Michael J. Aguirre, Christopher S. Morris and Maria C. Severson for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Douglas J. Woods, Senior Assistant Attorney General, Michael G. Witmer, Marc A. Leforestier and Kari Krogseng, Deputy Attorneys General for Defendants and Respondents.

## INTRODUCTION

In this case, we must reconcile a Public Utilities Code provision depriving the superior courts of jurisdiction "to enjoin, restrain, or interfere with the [Public Utilities Commission (commission)] in the performance of its official duties" (Pub. Util. Code, § 1759, subd. (a))[1] with a Government Code provision authorizing any interested person to "commence an action by mandamus, injunction, or declaratory relief for the purpose of stopping or preventing violations or threatened violations" of the state's opening meeting law. (Gov. Code, § 11130, subd. (a).) We conclude a person desiring to commence such an action against the commission may only do so by filing a petition for writ of mandate in the Supreme Court or the Court of Appeal.[2]

## BACKGROUND

Masada Disenhouse filed a complaint for an injunction in the superior court to stop members of the commission from proceeding with a meeting in San Diego in March 2013. Disenhouse alleged that, since the commission would not permit her to attend the meeting because of her affiliation with the Sierra Club, the meeting violated the Bagley-Keene Open Meeting Act (Act). (Gov. Code, § 11120 et seq.)

---

[1]     Further statutory references are also to the Public Utilities Code unless otherwise stated.

[2]     Normally, the person would first file the petition in the Court of Appeal and then, if desired, file a petition for review in the Supreme Court. (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2013) ¶ 15:240.5, p. 15-98.1 (rev. # 1, 2012).)

Two days after filing her complaint, Disenhouse brought an ex parte application in the superior court for an injunction requiring the commission to open the meeting to the general public. The commission opposed the application, arguing the superior court did not have jurisdiction to grant the injunction and, regardless, the meeting did not violate the Act.

The superior court agreed it did not have jurisdiction over the matter. Consequently, it declined to decide whether the meeting would violate the Act and dismissed the complaint.

The same day, Disenhouse filed a "Petition for Review/Application for Injunction" (some capitalization omitted) with this court seeking essentially the same relief she sought below. We treated the petition as a petition for writ of mandate and summarily denied it. (*Disenhouse v. Superior Court* (Mar. 19, 2013, D063599).)

DISCUSSION

I

*Jurisdiction*

A

*Overview of the Commission and Limits on Judicial Review*

" 'The commission is a state agency of constitutional origin with far-reaching duties, functions and powers. [Citation.] The Constitution confers broad authority on the commission to regulate utilities, including the power to fix rates, establish rules, hold various types of hearings, award reparation, and establish its own procedures. [Citation.] The commission's powers, however, are not restricted to those expressly mentioned in the

3

Constitution:  "The Legislature has *plenary power, unlimited by the other provisions of this constitution* but consistent with this article, to confer additional authority and jurisdiction upon the commission . . . ."  [Citation.]'  [Citation.]

"Pursuant to this constitutional provision the Legislature enacted, inter alia, the Public Utilities Act.  [Citation.]  That law vests the commission with broad authority to 'supervise and regulate every public utility in the State' [citation] and grants the commission numerous specific powers for the purpose.  Again, however, the commission's powers are not limited to those expressly conferred on it:  the Legislature further authorized the commission to '*do all things*, whether specifically designated in [the Public Utilities Act] *or in addition thereto*, which are necessary and convenient' in the exercise of its jurisdiction over public utilities.  [Citation.]  Accordingly, 'The commission's authority has been liberally construed'  [citation], and includes not only administrative but also legislative and judicial powers."  (*San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 914-915 (*Covalt*).)

"The Constitution also confers plenary power on the Legislature to 'establish the manner and scope of review of commission action in a court of record' (Cal. Const., art. XII, § 5).  (*Covalt*, *supra*, 13 Cal.4th at p. 915.)  Consistent with this power, the Legislature enacted statutes authorizing limited review of commission actions by the Supreme Court and Court of Appeal.  (§ 1756 et seq.; *Covalt*, at p. 915.)  The Legislature also "made it clear in section 1759 . . . that no other court has jurisdiction either to review or suspend the commission's decisions or to enjoin or otherwise 'interfere' with the commission's performance of its duties."  (*Covalt*, at p. 916.)

4

Specifically, section 1759 provides: "(a) No court of this state, except the Supreme Court and the court of appeal, to the extent specified in this article, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties, as provided by law and the rules of court. [¶] (b) The writ of mandamus shall lie from the Supreme Court and from the court of appeal to the commission in all proper cases as prescribed in Section 1085 of the Code of Civil Procedure." This section "place[s] the commission, insofar as the state courts are concerned, in the position where it may not be hampered in the performance of any official act by any court, except to the extent and in the manner specified in the code itself." (*Pacific Tel. & Tel. Co. v. Superior Court of San Francisco* (1963) 60 Cal.2d 426, 430.)

B

*Overview of the Act*

"The purpose of the [Act] . . . is to ensure that 'actions of state agencies be taken openly and that their deliberation be conducted openly.' The [Act] implements this policy by mandating that '[a]ll meetings of a state body shall be open and public . . . ' [citation], by requiring advance public notice of meetings [citation], by authorizing legal actions to prevent threatened violations of the act or declare its applicability to past or threatened future 'actions' of a body [citation], and to declare null and void an 'action taken' in violation of [the Act's open meeting and noticing requirements]." (*Southern*

5

*California Edison Co. v. Peevey* (2003) 31 Cal.4th 781, 797 (*Peevey*).)  The Act applies

to the Commission.  (*Ibid.*)

Generally, "any interested person may commence an action by mandamus,

injunction, or declaratory relief for the purpose of stopping or preventing violations or

threatened violations of [the Act] . . . ."  (Gov. Code, § 11130, subd. (a).)  Additionally,

"[a]ny interested person may commence an action by mandamus, injunction, or

declaratory relief for the purpose of obtaining a judicial determination that an action

taken by a state body in violation of [the Act] is null and void . . . ."  (Gov. Code,

§ 11130.3, subd. (a).)

C

*Jurisdiction over Action Against Commission to Enforce Act*

Whether the superior court has subject matter jurisdiction over an action to enforce

the Act against the commission is a question of law we independently review.  (*In re*

*Marriage of Jensen* (2003) 114 Cal.App.4th 587, 592.)  We are guided in our review by

the longstanding rule requiring us to construe the Act and section 1759 "in a manner

which harmonizes their language and avoids unnecessary conflict."  (*Waters v. Pacific*

*Tel. Co.* (1974) 12 Cal.3d 1, 11.)  Our task is straightforward in this case because a

mandamus action may be brought against the commission in the Supreme Court or the

Court of Appeal in appropriate cases (§ 1759, subd. (b)), and a mandamus action is one

of the available means of enforcing the Act.  (Gov. Code, §§ 11130, subd. (a), 11130.3,

subd. (a).)  Thus, we conclude an interested person desiring to enforce the Act against the

commission must do so by filing a petition for writ of mandate in the Supreme Court or

6

the Court of Appeal and may not do so by filing an action for injunctive relief in the superior court. Accordingly, the superior court did not err by dismissing Disenhouse's complaint for lack of subject manner jurisdiction.

Our conclusion does not, as Disenhouse asserts, effectively exempt the commission from the Act's reach. Rather, it respects both the Legislature's aims in placing limits on judicial review of commission actions as well as the Legislature's aims under the Act. (See, e.g., *North Pacifica LLC v. California Coastal Com.* (2008) 166 Cal.App.4th 1416, 1427-1429 [a petition for writ of mandate is an authorized means of enforcing the Act and is consistent with the Legislature's intent to commence and resolve such enforcement actions promptly].)

*Peevey*, *supra*, 31 Cal.4th 781 and *California Oregon Power Co. v. Superior Court of Siskiyou County* (1955) 45 Cal.2d 858, upon which Disenhouse relies, are both inapposite on this point. Neither case cites section 1759 nor discusses its application. " ' "[C]ases are not authority for propositions not considered." ' " (*McWilliams v. City of Long Beach* (2013) 56 Cal.4th 613, 626; accord, *Covalt*, *supra*, 13 Cal.4th at p. 943.) In addition, the *Peevey* case involved litigation initiated in federal court. (*Peevey*, at p. 787.) On its face, section 1759 only limits the jurisdiction of state courts. (§ 1759, subd. (a).)

II

*Merits of Injunction Application*

After the superior court determined it lacked subject matter jurisdiction, it declined to decide the merits of Disenhouse's injunction application. We decline to do so as well.

7

The challenged meeting occurred more than a year ago and can no longer be enjoined. Consequently, the injunction application is moot. "[A]n appeal is moot if ' "the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." ' " (*Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 175.) It would also be anomalous for us to decide the merits of an injunction application after concluding the only remedy available to Disenhouse in this instance is a writ of mandate. Finally, should Disenhouse desire to challenge a similar commission meeting in the future, we have provided guidance on how she may properly do so. Accordingly, the matter does not fall within the exception to the mootness doctrine for public interest issues capable of repetition, yet evading review. (See, e.g., *Fuller v. Bowen* (2012) 203 Cal.App.4th 1476, 1483.)

## DISPOSITION

The judgment is affirmed. The parties are to bear their own appeal costs.


McCONNELL, P. J.

WE CONCUR:


NARES, J.


IRION, J.

8