Filed 8/16/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| LA MIRADA AVENUE NEIGHBORHOOD ASSOCATION OF HOLLYWOOD, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> CITY OF LOS ANGELES et al., <br><br>     Respondents; <br><br> TARGET CORPORATION, <br><br>     Real Party in Interest and Appellant. | B258033 <br><br> (Los Angeles County <br> Super. Ct. No. BS140889) |
| CITIZENS COALITION LOS ANGELES, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> CITY OF LOS ANGELES et al., <br><br>     Respondents; <br><br> TARGET CORPORATION, <br><br>     Real Party in Interest and Appellant. | |

APPEALS from a judgment and orders of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge. Appeals and cross-appeal are dismissed as moot.

Hecht Solberg Robinson Goldberg & Bagley, Richard A. Schulman, and Sara G. Vakulskas, for Target Corporation.

The Law Offices of David Lawrence Bell and David Bell for Citizens Coalition Los Angeles.

The Silverstein Law Firm, Robert P. Silverstein and James S. Link for La Mirada Avenue Neighborhood Association of Hollywood.

Michael N. Feuer, City Attorney, Terry Kaufmann Macias, Assistant City Attorney and Kenneth T. Fong, Deputy City Attorney, for City of Los Angeles, Los Angeles City Council and Los Angeles Department of City Planning.

_____

After the superior court invalidated a number of exceptions to the specific plan governing development in Hollywood and halted construction by Target Corporation of a full-size, 75-foot-tall store at Sunset Boulevard and Western Avenue, Target appealed the ruling to this court and concurrently asked the Los Angeles City Council to amend the plan, which would make the invalidated exceptions unnecessary. The plan amendments have now been finally approved. Accordingly, the appeals and cross-appeal in this matter are dismissed as moot.

## PROCEDURAL BACKGROUND

On July 31, 2014 the superior court entered judgment granting in part and denying in part the petitions for writ of mandate filed by two citizens groups, La Mirada Avenue Neighborhood Association of Hollywood (La Mirada) and Citizens Coalition of Los Angeles, to compel the City of Los Angeles to vacate its decision to grant real party in interest Target Corporation's requests for exceptions from the City's specific plan—The Vermont/Western Transit Oriented District Specific Plan/Station Neighborhood Area Plan (SNAP)—that governs development in Hollywood. The superior court ruled the City had improperly granted Target six of eight exceptions from SNAP requirements for its development at Sunset Boulevard and Western Avenue (the Project), including its prohibition of commercial buildings more than 35 feet in height. (Target's development

2

plan included a 75-foot-tall building.)  The court found Target had not demonstrated the exceptional conditions justifying a departure from SNAP's height restrictions and other requirements.  It upheld the City's grant of two other exemptions from SNAP, including more parking spaces than the number permitted under SNAP.  The court also found no violations of the California Environmental Quality Act (CEQA) or CEQA Guidelines and no due process or Brown Act violations in the City's consideration of exceptions for the Project.

The peremptory writ of mandamus, directed to the City and its officers, employees and agents, invalidated the six specified SNAP exceptions and the approvals granted and obtained for the Project based on those exceptions; enjoined the City from any further actions or approvals, including granting permits, in furtherance of the invalid SNAP exceptions; and required "the cessation, restraint and enjoining of all construction activities by Real Party in Interest Target Corporation and any of its agents at the Project site . . . ."

Target filed a notice of appeal in the La Mirada action and, a week later, a petition to lift the automatic stay pursuant to Code of Civil Procedure section 1094.5, subdivision (g), of the City's approval of the six invalidated SNAP exceptions, which would allow construction to proceed during the appellate process.  In support of its request Target explained it had applied to the City to amend SNAP, "which will render the exceptions unnecessary and the trial court's adverse decision moot."  Target also asserted, "No one can guarantee the result of a plan amendment process, but City Council approval is nearly certain given that it had requested the project in this form and approved it unanimously three times, and given the trial court's approval of the EIR." La Mirada opposed Target's request.  We denied the petition on September 3, 2014 and ordered briefing completed within the minimum time periods specified in the California Rules of Court with no extensions absent exceptional circumstances.  Target thereafter filed a notice of appeal in the Citizens Coalition action, and La Mirada filed a notice of cross-appeal.  The appeals were consolidated.

3

Shortly after briefing was completed, Target notified this court that hearings had been scheduled by the City on Target's application for amendments to SNAP. Target requested we hold the consolidated appeals and cross-appeal in abeyance until the City had the opportunity to vote on approval of the amendments. We granted that request and took the appeals off calendar pending notice of the City's resolution of the proposed amendments. Target subsequently filed additional notices, keeping the court and the other parties advised of the progress of the proposed amendments.

On May 13, 2016 Target notified us that the City had finally approved the amendments. Accordingly, Target reported it was now unnecessary to rely on any exemptions from SNAP to complete the Project and the appeals relating to the propriety of the City's decision to grant Target exceptions from the original SNAP were moot. Rather than request a dismissal of the pending appeals, however, Target asked that we continue to hold them in abeyance and eventually consolidate them with the anticipated appeals when the next round of litigation (that is, the citizens groups' challenges to the amendments to SNAP) reached this court. Although recognizing the issues on appeal had been mooted by the City's action adopting the amended SNAP, La Mirada opposed Target's request, urging us to decide the pending appeals because they purportedly raised matters of continuing public interest that were likely to recur. Alternatively, La Mirada asked that we stay all construction at the Project site until ultimate resolution of the issues raised by these appeals and the litigation (which has now been filed) challenging the new SNAP amendments.

On June 9, 2016 we set Target's motion to stay for oral argument and requested the parties address in letter briefs whether the appeals and cross-appeal should be dismissed as moot on the ground we could no longer grant any effective relief. Letter briefs were filed by Target, La Mirada and the Citizens Coalition on July 11, 2016. Oral argument was heard on August 4, 2016.

**DISCUSSION**

"[A]n appeal is moot if '"the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief."'" (*Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 175; accord, *Disenhouse v. Peevey* (2014) 226 Cal.App.4th 1096, 1103; see *van't Rood v. County of Santa Clara* (2003) 113 Cal.App.4th 549, 560 ["[s]ubsequent legislation can render a pending appeal moot"]; *Equi v. San Francisco* (1936) 13 Cal.App.2d 140, 141-142 [same].) "It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10; see *Lenahan v. City of Los Angeles* (1939) 14 Cal.2d 128, 132.)

Ordinarily, when, as here, a case becomes moot pending an appellate decision, the reviewing court will simply dismiss the appeal on the ground it can no longer grant any effective relief. (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134 (*Milk Depots*); *Consolidated Vultee Aircraft Corp. v. United Automobile Workers* (1946) 27 Cal.2d 859, 863.) However, when subsequent legislative or administrative action renders an entire controversy moot and dismissal of the appeal would have the effect of affirming the underlying judgment without having reached the merits, appellate courts usually "'dispose of the case, not merely of the appellate proceeding which brought it here' [citation] . . . by reversing the judgment solely for the purpose of restoring the matter to the jurisdiction of the superior court with directions to the court to dismiss the proceeding." (*Milk Depots*, at p. 134 [when ordinance that was subject of appeal was rescinded, the basis for the trial court's judgment has "disappeared"; under those circumstances it was proper to reverse the judgment and remand with directions to the trial court to dismiss the proceeding rather than impliedly affirm by dismissing the appeal as moot]; accord, *Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2011)

5

198 Cal.App.4th 939, 944-945; *City of Los Angeles v. County of Los Angeles* (1983) 147 Cal.App.3d 952, 959.)

In the *Milk Depots, City of Yucaipa* and *City of Los Angeles* cases, however, the events that mooted the underlying controversies were not initiated by the appellants. Here, in contrast, after six of the eight exceptions to SNAP it had sought were invalidated by the superior court in the underlying administrative mandate proceeding, Target requested the City amend SNAP for the very purpose of removing the question of the exceptions' validity from further litigation. Under these circumstances dismissing the appeal, rather than reversing the judgment with directions to the superior court to dismiss the case, is the proper disposition. (See *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters* (9th Cir. 1982) 686 F.2d 720, 721 [distinction between litigants who are and are not responsible for rendering their case moot at the appellate level is significant; if the case has become moot as the result of actions by the appellant (the losing party below), proper course is to dismiss the appeal, not to vacate the trial court's judgment]; see also *Allard v. DeLorean* (9th Cir. 1989) 884 F.2d 464, 467 ["a dissatisfied litigant should not be allowed to destroy the collateral consequences of an adverse judgment by destroying his own right to appeal"]; *United States v. Garde* (D.C.Cir. 1988) 848 F.2d 1307, 1310 ["[I]n a case in which 'review is prevented, not by happenstance, but by the deliberate action of the losing party before the district court, . . . the district court should not be ordered to vacate its decision.' [Citation.] Rather, 'the prevailing party, . . . ought to be left in the same position as if no appeal had been taken.'"]; see also *Cammermeyer v. Perry* (9th Cir. 1995) 97 F.3d 1235, 1239 [declining to vacate lower court judgment mooted by defendant's replacement of challenged regulation and remanding to district court to allow consideration of the equities involved].)

As discussed, the superior court's writ of mandate not only invalidated the approvals and permits issued based upon the six invalidated SNAP exceptions but also required the cessation of all construction activities by Target at the Project site. Whether,

and to what extent, the new SNAP amendments require a modification of that portion of the writ of mandate is properly addressed by the superior court in the first instance.

## DISPOSITION

The appeals and cross-appeal are dismissed as moot. Each party is to bear its own costs on appeal and/or cross-appeal.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.