Filed 5/27/21  Tuma v. State Bar of Cal. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| CHRISTINE TUMA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STATE BAR OF CALIFORNIA,<br><br>    Defendant and Respondent. | A161037<br><br>(San Francisco County<br>Super. Ct. No. CPF-20-517092) |

Plaintiff Christine Tuma appeals the dismissal of her complaint against the State Bar of California (the State Bar), after the court sustained the State Bar's demurrer without leave to amend. The complaint alleges violations of the Bagley-Keene Open Meeting Act, Government Code[1] section 11120 et seq. (Bagley-Keene Act) and the California Public Records Act, section 6250 et seq. (Public Records Act). We find no error with respect to the court's ruling on the cause of action for violation of the Bagley-Keene Act, but conclude that the court erred in finding that plaintiff's complaint fails to state a cause of action under the Public Records Act and by denying plaintiff leave to amend to cure the procedural defects in her pleading with respect to that cause of action.

---

[1] All statutory references are to the Government Code unless otherwise noted.

## Background

On May 18, 2020, the State Bar published an agenda for its May 28 meeting which listed the following item to be discussed in a closed session: "Action on Partial Invalidation of Applicant's Test Product Due to Printing Error." The agenda included one attachment (Attachment C-200). On May 20, plaintiff sent a letter to the State Bar requesting that it "hold all discussions on printing errors which affected the February 2020 California Bar Exam results in a session open to the public, limiting only confidential applicant information and decision making specific to the partial invalidation of the applicant's test product to closed session." The letter further requested that all nonconfidential portions of the record identified as "Attachment C-200" in the meeting agenda be released to her under the Public Records Act.

On May 24, the State Bar responded by letter, rejecting plaintiff's requests.

On May 26, plaintiff filed the present complaint for injunctive and declaratory relief. At the same time, she filed an application seeking a temporary restraining order and a preliminary injunction enjoining the State Bar from discussing in closed session all nonconfidential facts pertaining to any printing errors that affected the February 2020 California Bar Examination and requiring the State Bar to record the May 28 meeting and preserve the audio recordings for in camera review.

At the hearing on the application for a restraining order, plaintiff submitted declarations from two applicants to the State Bar. The first declaration stated he was told by an employee of the State Bar that the printing error affected both handwritten and computer-submitted essay answers, that the error affected a small number of people, and that it was possible the applicant's exam result could be reversed as a result of the

2

May 28 meeting action. The other applicant stated he was told that the printing error affected only a few of the handwritten answers to the examination essays, and that as a result of the printing errors, some of the answers were not printed completely due to either low printer ink levels or because of an unidentified error. The State Bar submitted a declaration stating that the purpose of the closed session was "to discuss and decide the single issue of whether to partially invalidate an individual applicant's test product due to an isolated printing error."

Following a hearing, the court denied the restraining order and the request that the May 28 meeting be recorded for future in camera review. The court explained that the agenda item as described in the notice and the State Bar's declaration was clearly a proper matter to discuss in a closed session. The court added, "You may well be curious about whether this was a broader issue or not. You can avail yourself of the California Public Records Act and ask them if there are any documents that bear on that, but the fact that you're curious about it, or more specifically your client is curious about it doesn't entitle you to force the bar to open a meeting which is, by statute, a matter that they are entitled to address in closed session." The meeting took place that day as scheduled.

On June 24, the State Bar filed a demurrer arguing that plaintiff's complaint fails to state a cause of action under either statute. After a hearing on July 23, the court sustained the demurrer without leave to amend. With respect to the cause of action under the Bagley-Keene Act, the court found that the closed session on May 28, 2020, concerning the grading of an individual's California bar examination was exempt from the open meeting requirements of section 11126, subdivision (c)(1), and that plaintiff's opposition to the demurrer "verge[d] on frivolous." With respect to the cause

of action for violation of the Public Records Act, the court found, among other things, that the attachment prepared for the meeting is exempt from disclosure under sections 6254, subdivisions (c) and (g), and Business and Professions Code section 6060.25, subdivision (a).

Plaintiff timely filed a notice of appeal.

## Discussion

### 1. *Standard of Review*

"In ruling on a demurrer or motion for judgment on the pleadings, the trial court examines the pleading to determine whether it alleges facts sufficient to state a cause of action under any legal theory, with the facts being assumed true for purposes of this inquiry. [Citations.] Our review is de novo. [Citations.] '[W]e treat the properly pleaded allegations of [the] complaint as true, and also consider those matters subject to judicial notice. [Citations.]' [Citation.] '[T]he allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties. [Citation.] If there is any reasonable possibility that plaintiff can state a good cause of action, it is error and an abuse of discretion to sustain the demurrer without leave to amend. [Citations.] However, leave to amend is properly denied if the facts and nature of plaintiffs' claims are clear and under the substantive law, no liability exists.' " (*Campaign for Quality Education v. State of California* (2016) 246 Cal.App.4th 896, 904.)

### 2. *The Bagley-Keene Act*

Initially, the State Bar contends plaintiff's cause of action under the Bagley Keene-Act is moot. In general, it is a court's duty to decide " ' "actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case

4

before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) " '[A]n appeal is moot if " 'the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief.' " ' [Citations.] 'It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events.' " (*La Mirada Avenue Neighborhood Assn. of Hollywood v. City of Los Angeles* (2016) 2 Cal.App.5th 586, 590.)

Section 11130, subdivision (a), as relevant here, authorizes an "interested person" to "commence an action by mandamus, injunction, or declaratory relief for the purpose of stopping or preventing violations or threatened violations of this article or to determine the applicability of this article to past actions or threatened future action by members of the state body."

Plaintiff's complaint was filed two days before the May hearing. It asked the court to find that the State Bar's refusal to discuss in open session those portions of the May agenda item "which include but are not limited to the facts pertaining to the printing errors themselves" would violate the Bagley-Keene Act. Plaintiff's prayer for relief sought "injunctive or declaratory relief for the purpose of stopping or preventing [the State Bar's] threatened violation" and requiring the State Bar to record any closed session at that meeting.[2]

---

[2] The complaint also sought a determination that "the actions taken by [the State Bar] at the closed sessions of the May . . . meeting are null and void." In the trial court and on appeal, the State Bar has argued that the only action taken at the hearing that could be declared void relates to the

Plaintiff does not dispute that the relief requested is no longer available. She argues, however, that this court should decide the merits of her claim because the case poses an issue of broad public interest that is likely to recur. (*Bushell v. JPMorgan Chase Bank, N.A.* (2013) 220 Cal.App.4th 915, 919, fn. 1.) Specifically, she argues that transparency of attorney admissions in general and public access to specific information about the printing errors that impacted the February 2020 examination justify consideration of the arguments on the merits.

We disagree with plaintiff's framing of the issues on appeal and do not agree that this case poses an issue of broad public interest. Nonetheless, we briefly address her argument on the merits.

Under section 11123, subdivision (a) of the Bagley-Keene Act, "All meetings of a state body shall be open and public and all persons shall be permitted to attend any meeting of a state body except as otherwise provided in this article." As relevant here, section 11126, subdivision (c), provides "Nothing in this article shall be construed to . . . [p]revent state bodies that administer the licensing of persons engaging in businesses or professions from holding closed sessions to prepare, approve, grade, or administer examinations." Consistent with the above requirements, Business and Professions Code section 6026.7, subdivision (a) acknowledges that all

---

individual applicant's examination results and that the California Supreme Court has inherent and exclusive subject matter jurisdiction with respect to attorney admissions matters. (*In re Rose* (2000) 22 Cal.4th 430, 453; Cal. Rules of Court, rules 9.3, 9.13; see also Rules of State Bar, rule 4.9 ["An applicant refused certification to the Supreme Court of California for admission to practice law in California may have the action of the Committee reviewed by the Supreme Court of California in accordance with its procedures."].) Plaintiff does not dispute the State Bar's contention and repeats her express statement that she has no interest in the individual applicant's admission decision.

6

meetings of the State Bar are subject to the Bagley-Keene Act. Section 6026.7, subdivision (c)(3) adds that "[i]n addition to the grounds authorized in the Bagley-Keene Open Meeting Act, a closed session may be held for those meetings, or portions thereof, relating to . . . [¶] . . . [¶] [t]he preparation of examination materials, the approval, the grading, or the security of test administration of the California Bar Examination."[3]

Under section 11126.3, subdivisions (a) and (b), the state body may consider in closed session only those matters disclosed in its noticed agenda. Here, plaintiff acknowledges that the meeting agenda noticed "only one item to be discussed in closed session: 'Action on Partial Invalidation of Applicant's Test Product Due to Printing Error.' " Her cause of action is based on the assertion that when discussing the individual applicant's test results, background information concerning the printing errors that was of interest to the general public would also be discussed. The complaint alleges that the exclusion of the public from attending any portion of the meeting prevents the public from being informed about (1) "the facts surrounding the printing errors that occurred in the administration of the February 2020 California Bar Examination," (2) "the extent to which attorney applicants' scores on the February 2020 California Bar Examination were affected by printing errors," (3) whether the State Bar "has performed any due diligence investigating the

---

[3] At the time of the ruling on the State Bar's demurrer, Business and Professions Code section 6026.7, subdivision (c)(3) permitted closed sessions be held for meetings relating to the "preparation, approval, grading, or administration of the California Bar Examination." (Stats. 2017, ch. 422, § 19.) Plaintiff argues that insofar as her complaint seeks prospective injunctive relief, her appeal should be decided "in accordance with the postjudgment change" to section 6026.7. We fail to see how the statutory modification in this instance affects our analysis. We will, however, apply the current statutory language in resolving this appeal.

extent to which attorney applicants' scores on the February 2020 California Bar Examination were affected by printing errors," and (4) "the likelihood that printing errors will affect attorney applicant's scores on the September 2020 California Bar Examination."

Whether the printing error was an "isolated incident" as the State Bar suggests or a more widespread issue as plaintiff suspects is immaterial. A nonconfidential discussion of the alleged printing error was not on the agenda for discussion at the May meeting. We must presume that the State Bar intended to conduct its closed session in accordance with the statutory requirements. Although some non-confidential facts regarding the alleged printing error may have been mentioned in the course of that discussion, there is no reason to assume that the discussion would extend beyond what was necessary to resolve the matter involving the specific applicant.

At the hearing on plaintiff's application for a temporary restraining order, the court questioned whether plaintiff had "any authority for the proposition that in a closed session addressing an exempt topic, if somebody happens to say something that is not confidential but that bears on that topic, that . . . a court can then issue injunctive relief and say, *well, you can hold the closed session, but then the moment you say anything that is non-confidential, you have ta also hold an open or public session to address that one piece of information*." Plaintiff conceded that she did not have such authority but argued that due to the public's strong interest in this matter, some public statement by the bar on the printing errors should be required. Plaintiff's counsel argued, "I think this entire action would be moot if the State Bar had at least, for example, [issued] a memorandum explaining what happened." While we agree that the facts surrounding any printing errors affecting the examination may be of legitimate concern to the public, the

8

Bagley-Keene Act does not compel the State Bar to provide a public hearing simply because a fact of public interest may be mentioned in the context of an otherwise confidential discussion. Therefore, the court properly sustained the demurrer to the first cause of action.

3. *The Public Records Act*

The State Bar is made subject to the requirements of the Public Records Act under section 6252, subdivision (f)(2). Accordingly, its public records, except those exempt from disclosure by express provisions of law, must be made available for inspection as provided for under the provisions of the Act, including "[a]ny reasonably segregable portion of a record . . . after deletion of the portions that are exempted by law." (§ 6253, subds. (a).) Because the Legislature enacted the Public Records Act " ' "for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies" ' " the exemptions are "narrowly construed" and the agency "opposing disclosure bears the burden of proving that an exemption applies." (*Am. C.L. Union of N. California v. Superior Court* (2011) 202 Cal.App.4th 55, 66, 68.)

The disclosure requirements are enforceable under section 6259, subdivision (a), which reads, "Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why the officer or person should not do so. . . ." An order "either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal

9

may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ." (§ 6259, subd. (c).)

Initially, we note that the court properly sustained the demurrer on the ground that plaintiff had not filed a "verified petition" as required by section 6259, subdivision (a). On appeal, the State Bar argues that this failure is dispositive. Plaintiff argues that her signed declarations attesting to the material facts are sufficient and suggests that this court "should not affirm on the technical noncompliance of [her] lack of a verification, when the State Bar has failed to demonstrate any difference or prejudice as a result." We disagree that the failure to file a verified petition is a technicality that can be overlooked. We conclude, however, that the court abused its discretion in by failing to grant plaintiff leave to amend to cure the pleading defect. (*United Farm Workers of America v. Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 915 [failure to verify a pleading, where the verification is required by statute, "is a mere defect curable by amendment"]; *Doe v. Albany Unified Sch. Dist.* (2010) 190 Cal.App.4th 668, 673 [trial court abused its discretion in refusing to grant plaintiffs leave to amend their complaint to state a claim for a writ of mandate to compel compliance with statute].)

The trial court also found that Attachment C-200 is exempt from disclosure under section 6254, subdivisions (c) and (g) and Business and Professions Code section 6060.25. Subdivision (c) of section 6254 exempts from disclosure, "Personnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." Subdivision (g) of section 6254 exempts from disclosure, "Test questions, scoring keys, and other examination data used to administer a licensing examination, examination for employment, or academic examination." Business and Professions Code section 6060.25, subdivision (a) provides,

10

"Notwithstanding any other law, any identifying information submitted by an applicant to the State Bar for admission and a license to practice law and all State Bar admission records, including, but not limited to, bar examination scores . . . and any information contained within the State Bar Admissions database or any file or other data created by the State Bar with information submitted by the applicant that may identify an individual applicant . . . shall be confidential and shall not be disclosed pursuant to any state law, including, but not limited to, the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code)."

Plaintiff does not dispute that portions of Attachment C-200 are exempt from disclosure. She argues, however, that her complaint sufficiently alleges that the State Bar violated the Public Records Act by failing to disclose those portions of the attachment "which did not contain confidential information." We agree.

The State Bar was entitled to redact all exempt material, but any "reasonably segregable portion" of the document was subject to disclosure. While the State Bar may ultimately prevail by proving that the document contains no information subject to disclosure, or that the nonconfidential portion is not "reasonably segregable" from the confidential portion, plaintiff's allegations are sufficient for purposes of demurrer.[4]

---

[4] At oral argument, counsel for the State Bar argued that the information regarding the printing error, even if otherwise segregable from the applicant's confidential information, would remain exempt from disclosure under section 6255, subdivision (a) which permits the State Bar to "justify withholding any record by demonstrating . . . that on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." It seems

11

## Disposition

The dismissal is reversed. The order sustaining the demurrer is affirmed as to the cause of action for violation of the Bagley-Keene Act but reversed insofar as it denies plaintiff leave to amend the cause of action for violation of the Public Records Act.[5] Plaintiff is to recover her costs on appeal.

POLLAK, P. J.

WE CONCUR:

BROWN, J.
BANKE, J.[*]

---

doubtful that an explanation of the nature of a "printing error" would affect the security of the administration of the examination or otherwise affect the public interest, but in all events no such justification appears on the face of the complaint.

[5] Plaintiff's additional contention that she was erroneously denied attorney fees is without merit insofar as based on her cause of action under the Bagley-Keene Act, as to which she did not prevail. Insofar as based on her cause of action under the Public Records Act, under which she has yet to prevail, her right to an award of attorney fees is not ripe for determination at this time.

[*] Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.