Filed 3/6/24  Pollinator Stewardship Council v. Cal. Dept. of Pesticide Reg. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| POLLINATOR STEWARDSHIP COUNCIL et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF PESTICIDE REGULATION et al., <br><br> Defendants and Appellants; <br><br> DOW AGROSCIENCES LLC et al., <br><br> Real Parties in Interest and Appellants; <br><br> SISKIYOU COUNTY DEPARTMENT OF AGRICULTURE et al., <br><br> Real Parties in Interest and Respondents. | A164626 <br><br> (Alameda County <br> Super. Ct. No. RG20066156) |

**MEMORANDUM OPINION[1]**

This appeal arises from three decisions made by the California Department of Pesticide Regulation (the Department) in 2020 to register, or

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

approve, the use of the pesticide sulfoxaflor: two decisions approving sulfoxaflor for statewide use on a range of crops, and a subsequent "special local need" approval that authorized the use of sulfoxaflor on alfalfa in four counties for a period of one year. Pollinator Stewardship Council and American Beekeeping Federation (collectively, Beekeepers) filed a petition for writ of mandate in the trial court challenging the approvals. The trial court granted Beekeepers' petition as to the two statewide approvals based on its determination that the Department violated the informational requirements of the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq., CEQA) when it approved the products. The trial court denied Beekeepers' petition as moot with respect to the special local need approval, which by then had expired.

The Department and real parties in interest, Dow Agrosciences LLC and Corteva, Inc. (collectively, Dow), appealed, arguing that Beekeepers' petition should have been denied in its entirety. Beekeepers cross-appealed, arguing that we should exercise our discretion to reach the merits of their challenge to the special local need registration.

Briefing of the appeal and cross-appeal was completed in June 2023. On January 23, 2024, the Department informed us in a letter that on January 8, 2021 the U.S. Environmental Protection Agency (U.S. EPA) had approved new labels for the pesticide products at issue, and that the new labels supersede the labels that U.S. EPA had previously approved, and which were approved by the Department in 2020.[2] The letter further stated

---

[2] To be eligible for registration in California, a pesticide must first be registered by the U.S. EPA under the Federal Insecticide, Fungicide, and Rodenticide Act (7 U.S.C. § 136 et seq., FIFRA). (See *Pesticide Action Network North America v. Department of Pesticide Regulation* (2017) 16 Cal.App.5th 224 [discussing procedural and substantive requirements for

that although Dow could sell existing stocks of the products that had been approved for statewide use for 18 months after the new labels were approved, sales would have to cease at the end of that period. The letter stated, "That eighteen month period has now passed."[3]  The letter further stated that the Department had conferred with the other parties to the appeal about the issue; that Beekeepers' position was that the case was not moot; and that Dow's position was that the case was moot and should be dismissed.[4]

We ordered the parties to provide supplemental briefing on the issue of mootness, and they have done so.  We now dismiss both the appeal and cross-appeal as moot.

*Applicable Law*

Our Supreme Court recently summarized the applicable law on mootness in *In re D.P.* (2023) 14 Cal.5th 266.  "A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into

---

pesticide registration by the Department]; *Californians for Alternatives to Toxics v. Department of Pesticide Regulation* (2006) 136 Cal.App.4th 1049 [same].)

[3] In fact, the 18-month period had ended on July 8, 2022, one week after the Department filed its opening brief on appeal (on July 1, 2022), more than two months before Dow filed its opening brief (on September 30, 2022), and more than 18 months before the Department sent its letter to this court.

[4] Neither Dow nor the Department tells us when, in their view, the case became moot, nor do they tell us why the Department waited until January 2024 to inform this court about the purported mootness.  But because the labels approved by the Department in 2020 were superseded in January 2021, with the result that Dow was prohibited by law from selling the products after July 2022, there can be no doubt that appellants were aware of this issue long before January 2024.  (See *Guardianship of Melissa W.* (2002) 96 Cal.App.4th 1293, 1301 [appellants must promptly inform the court of events rendering an appeal moot].)

effect, and not to give opinions upon moot questions . . . ." ' " (*Id.* at p. 276.) "A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*Ibid.*) However, "[e]ven when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute. [Citation.] As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.' " (*Id.* at p. 282.)

*The Parties' Positions on the Appeal*

The Department and Dow argue that because the labels that were approved as part of the Department's 2020 registration have been superseded, Dow cannot sell sulfoxaflor products in California regardless of the outcome of this appeal, and that therefore their appeal is now moot. The Department, but not Dow, argues that we should nevertheless exercise our discretion to reach the merits. Both the Department and Dow argue that if we decline to reach the merits, we should remand the matter to the trial court with instructions to vacate its judgment and enter a judgment dismissing Beekeepers' petition.

Beekeepers argue that the appeal is not moot, and that even if it is, we should exercise our discretion to reach the merits.

4

*Mootness of the Appeal*

There is no dispute that as things stand, Dow may not sell sulfoxaflor products in California, regardless of the outcome of this appeal. The 2020 statewide registrations that Beekeepers have challenged apply to products with specific labels, and the time in which those labels could be used has expired.[5]

The Department and Dow argue that because Dow cannot sell sulfoxaflor products in California regardless of how this court might rule on the 2020 state registrations, the ruling would have no practical effect or impact, and therefore the appeal is moot.

Beekeepers argue that even though Dow cannot sell sulfoxaflor in California, the case is not moot because the 2020 registrations have not been vacated. Beekeepers contend that this court can grant them effective relief by affirming the trial court's judgment and writ of mandate, which directs the Department to set aside and void its 2020 decisions to register sulfoxaflor for statewide use. This would be effective relief, according to Beekeepers, because "unless the registration decisions at issue are set aside, Dow can resume sales of sulfoxaflor in California immediately and *without any further [Department] approval or process* the moment the U.S. [EPA] reinstates the original, 2020 labels." And Beekeepers further claim that the U.S. EPA "can reinstate the original labels . . . at any point without any further federal environmental review or process," and that the U.S. EPA is "likely" to do so.

---

[5] Dow informs us that although retailers are permitted to distribute products with the old labels even after the 18-month "grace period," all known stocks of the products have been used.

Beekeepers do not support these assertions with any citations to evidence or authority, and we disregard them.[6]

Dow and the Department have the better argument. The fact that Dow cannot sell the products approved in the 2020 registrations means that there is no "ongoing harm," and that means this court cannot provide Beekeepers effective relief. (*In re D.P.*, *supra*, 14 Cal.5th at p. 276.) The appeal is moot.

*Reaching the Merits*

The Department and Beekeepers ask us to nevertheless exercise our discretion to reach the merits of the appeal, arguing that the matter is of general public interest and likely to recur in the future. Because the case concerns the information the Department must provide to the public in connection with pesticide approvals and the effects of pesticides on pollinators, there is no doubt that the appeal presents questions of public interest. And because this appeal raises questions about the adequacy of the information provided by the Department in its public reports on sulfoxaflor, those questions may well recur in any future challenges to registrations. But any future challenge to a pesticide registration must be evaluated in terms of the particular decision documents and the administrative record that supports the registration.[7] (See *Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 777 [judicial review of agency compliance

---

[6] The Department and Dow explain that to sell its products, Dow must seek a new approval from the department based on the new U.S. EPA labels. Apparently Dow has done so, but the Department has not acted on the new application and does not intend to act in the immediate future.

[7] There is no dispute that the administrative record for a future approval of sulfoxaflor will differ from the administrative record now before us. Dow informs us that its pending application to the Department for registration of sulfoxaflor includes 24 new studies that were not previously before the Department, including studies relating to effects on pollinators.

6

with CEQA depends on the record of proceedings].)  Moreover, the Department, which states that it "would appreciate having the Court's direction" on its "approach" to certain informational issues, so that it can "more clearly ensure that its future decisions will be consistent with the law," is essentially asking for an advisory opinion.  (See *Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App.4th 231, 257 [policy behind dismissal for mootness is "that 'courts decide justiciable controversies and will normally not render advisory opinions' "].)  In these circumstances, the Department and Beekeepers do not persuade us to reach the merits of the appeal.  (See *Sturgell v. Department of Fish & Wildlife* (2019) 43 Cal.App.5th 35, 46 [declining to exercise discretion to reach the merits under an exception to the mootness doctrine where the "appellants have not demonstrated that such exception pertains"].)

*Dismissal of the Appeal*

As a general matter, if "a case becomes moot pending an appellate decision, the reviewing court will simply dismiss the appeal on the ground it can no longer grant any effective relief."  (*La Mirada Avenue Neighborhood Assn. of Hollywood v. City of Los Angeles* (2016) 2 Cal.App.5th 586, 590 (*La Mirada*).)  Dismissal of an appeal as moot has the effect of affirming the underlying judgment.  (*Ibid.*)  In certain circumstances, however, the reviewing court may " ' "dispose of the case, not merely of the appellate proceeding which brought it here . . ." [citation] . . . by reversing the judgment solely for the purpose of restoring the matter to the jurisdiction of the superior court, with directions to the court to dismiss the proceeding.' "  (*Id.* at pp. 590–591.)  Those circumstances may exist where the case was moot before the trial court decided it (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574–1575), but no one argues that

7

Beekeepers' challenge to the statewide approvals was moot at the time the trial court issued its decision. In addition, reversal with directions to dismiss may be appropriate where "subsequent legislative or administrative action renders an entire controversy moot," as long as "the events that mooted the underlying controversies were not initiated by the appellants." (*La Mirada*, *supra*, 2 Cal.App.5th at pp. 590–591.)

This appeal has become moot because of the interaction of federal and state law: the U.S. EPA's approval of new labels for the sulfoxaflor products at issue in this case superseded the approvals of the labels on which the Department's registration relied, and because the Department can only register pesticides if their labels have been approved by the U.S. EPA, the Department's approvals of the products here are of no effect. But the event that led to this appeal becoming moot—the U.S. EPA's approval of new labels—was initiated by Dow's application to the U.S. EPA for approval of the new labels. In these circumstances, the proper disposition is dismissal of the appeal. (*La Mirada*, supra, 2 Cal.App.5th at p. 591 [where case becomes moot as a result of actions by appellant, the "proper course is to dismiss the appeal, not to vacate the trial court's judgment"].)

*Beekeepers' Cross-appeal*

There is no dispute that the special local need registration at issue in the cross-appeal expired even before the trial court ruled on the petition for writ of mandate. Accordingly, in briefing the cross-appeal, Beekeepers did not argue that this court can provide them the relief they sought below, which was to vacate the registration and set it aside. Instead, Beekeepers argued that we should reach the merits of the cross-appeal because the special local need registration raises issues of broad public interest that are

8

likely to recur in future litigation over special need registrations for sulfoxaflor and other pesticides.

Our conclusion here is the same as for the statewide registrations. Just as any challenge to a future statewide registration will depend upon the facts and circumstances pertaining to that specific registration, so too any challenge to a future special local need registration will depend upon the contents of the Department's decision documents and the administrative record pertinent to the registration. Accordingly, we dismiss the cross-appeal as moot.[8]

## DISPOSITION

The appeal and cross appeal are dismissed as moot. Beekeepers shall recover their costs on appeal.

---

[8] We note that the parties requested oral argument in response to notices sent by the court's clerk as a matter of course when the appeal and cross-appeal were fully briefed. A party has the right to oral argument in any appeal " '*considered on the merits* and decided by a written opinion.' " (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871, italics added; accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254–1255.) Because we dismiss the appeal and cross appeal without reaching the merits, the parties have no right to oral argument, which we find in this instance to be unnecessary to our dismissal of the appeals as moot.

_____

Mayfield, J.

WE CONCUR:


_____

Stewart, P. J.


_____

Richman, J.

A164626 (*Pollinator Stewardship Council v. Department of Pesticide Regulation*)