Filed 6/6/25  P. v. Starkes CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY STARKES,<br><br>    Defendant and Appellant. | A169356<br><br>(Solano County Super. Ct.<br> No. FC39903) |

Anthony Starkes appeals from a resentencing order under Penal Code section 1172.75.[1]  He contends the trial court abused its discretion when it refused to strike one of his prior strike convictions under the "Three Strikes" law[2] and also the enhancement for his prior serious felony conviction.  We affirm.

---

[1] All undesignated statutory references are to the Penal Code.

[2] In 1994, the Legislature enacted the Three Strikes law to " ' "ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." ' "  (*People v. Henderson* (2022) 14 Cal.5th 34, 43.)  Under the law, "defendants who commit a felony after two or more prior convictions for serious or violent felonies were sentenced to 'an indeterminate term of life imprisonment with a minimum term of' at least 25 years."  (*People v. Perez* (2018) 4 Cal.5th 1055, 1062.)

1

## BACKGROUND

In March 1995, Starkes entered the car of an 88-year-old man who had just dropped his wife off at the mall, pressed a .45 caliber pistol against the man's ribs, and demanded the man's billfold and keys. After taking cash from the man's wallet, Starkes placed his gun in the man's ear, pushed him out of the car, and drove away.

In early April 1995, Starkes opened the driver's side door of the car of a woman who had just finished shopping, told her to " 'scoot over,' " and gave her a shove. The woman did not move because she was wearing her seatbelt and argued with Starkes until he pressed a hard metal object against her ribs, which she believed to be a gun. The woman then " 'panicked' " and ran back to the store; Starkes left with her car and purse.

A few days later, Starkes grabbed the shoulder of a woman who was walking in the parking lot, said he had a gun, and pressed a metal object against her ribs. While holding the woman's arm, Starkes told the woman to go to her car and unlock it for him. When she did so, Starkes pushed her into the driver's seat and told her to drive or give him her purse. The woman threw her purse at Starkes and quickly left the car.

In December 1995, a jury convicted Starkes of three counts of carjacking (§ 215, subd. (a)), and two counts of second degree robbery (§ 211). Relative to one count of carjacking and one count of robbery, the jury found true enhancements that Starkes personally used a firearm (§ 12022.5), and that a crime was committed against an elderly person (§ 667.9, subd. (a)). The jury also found true that Starkes had two prior felony convictions for burglary (§ 459), as well as prior prison terms.

At the sentencing hearing held in January 1996, the trial court sentenced Starkes to 86 years to life. This sentence took into account

Starkes's two prior strike convictions for the burglaries and also included a five-year enhancement for a prior serious felony conviction (§ 667, subd. (a)), and a one-year enhancement for a prior prison term (§ 667.5, subd. (b)), among others.

Starkes appealed, and we affirmed the convictions in an unpublished opinion—*People v. Starkes* (Jun. 12, 1997, A073390). However, as *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) was also decided during the pendency of the appeal, we remanded the matter to the trial court to determine whether it should exercise its discretion to dismiss one of Starkes's prior strike convictions.[3] After the 1997 remand, the trial court denied Starkes's motion pursuant to *Romero*.

### *Intervening Changes in Sentencing Law*

When Starkes was sentenced in 1996, former section 667.5, subdivision (b) (section 667.5(b)) required trial courts to impose a one-year enhancement for each prior prison term if the defendant had not remained free of custody for at least five years. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5(b) to limit the prior prison term enhancement to apply only to prior prison terms served for sexually violent offenses under Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1; see *People v. Jennings*, *supra*, 42 Cal.App.5th at p. 681.) Senate Bill No. 483 retroactively applied Senate Bill No. 136 to persons whose sentences included an enhancement under the prior version of section 667.5(b) by adding section

---

[3] *Romero* authorizes trial courts to dismiss convictions considered "prior strikes" under the Three Strikes law "subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Romero*, *supra*, 13 Cal.4th at pp. 504, 529–530.)

1171.1, which was later renumbered as section 1172.75. (Stats. 2021, ch. 728, § 1, 3; Stats. 2022, ch. 58, § 12.)

Under section 1172.75, any section 667.5(b) sentence enhancement imposed prior to January 1, 2020 (unless imposed for a sexually violent offense) is "legally invalid." (§ 1172.75, subd. (a); *People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) If the California Department of Corrections and Rehabilitation (CDCR) identifies a defendant as serving a sentence that includes such an invalid enhancement, the trial court "shall recall the sentence and resentence the defendant," and "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subds. (b), (c), (d)(2).) The court may also consider "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Thus, section 1172.75 requires a "full resentencing" and not merely a dismissal of the newly invalid enhancements. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see also *People v. Coddington* (2023) 96 Cal.App.5th 562, 568 [resentencing court generally has jurisdiction to modify every aspect of the sentence when a sentence is subject to recall].)

In addition to the enactment of section 1172.75, effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 to specify mitigating circumstances that courts must consider when deciding

4

whether to strike a sentence enhancement in the furtherance of justice. (Stats. 2021, ch. 721, § 1; see § 1385, subd. (c).) Among other things, these circumstances include whether the enhancement is "based on a prior conviction that is over five years old," whether the offense was connected to mental illness, and whether the offense was connected to prior victimization or childhood trauma. (§ 1385, subd. (c)(2)(D), (c)(2)(E), (c)(2)(H).) Section 1385, subdivision (c)(2) further provides in relevant part that proof of the presence of one or more of the mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

### Starkes's Petition for Resentencing Under Section 1172.75

In October 2022, the trial court indicated it had received notice from the CDCR that Starkes might be eligible for resentencing under section 1172.75.

In October 2023, Starkes filed a motion for full resentencing under section 1172.75. Per section 667.5(b), Starkes sought to strike the one-year enhancement for a prior prison term on the basis it was now invalid. Starkes also asked the trial court to exercise its discretion under section 1385 to strike one of his prior strike convictions under the Three Strikes law, as well as his five-year prior serious felony enhancement (§ 667, subd. (a)).

In support of his motion for resentencing, Starkes pointed to the section 1385 amendments that required a trial court to consider mitigating circumstances such as whether the offense was connected to mental illness, prior victimization or childhood trauma, or whether the enhancement was based on a prior conviction that was over five years old. (§ 1385, subd. (c).) Starkes argued that the prior strike convictions relied on by the trial court during his 1996 sentencing occurred in 1985, nearly four decades before the

5

2023 resentencing hearing. He also pointed out the prior strike convictions were for residential burglaries where the victim was his friend's mother, no one was home, and no one was hurt. Starkes asserted that he committed these burglaries when he was only 26 years old, and it is "well-documented that most males do not fully mature until their mid-twenties." He represented he had experienced multiple adverse childhood experiences (including poverty, abuse, and parental neglect) and was struggling with drug addiction when he committed the burglaries. As such, Starkes argued that he clearly fell outside the spirit of the Three Strikes law.

Additionally, Starkes asserted he was at a low risk to reoffend as he was now an elderly 65-year-old man with limited mobility and had taken steps towards rehabilitation, including obtaining his GED and participating in mental health counseling and various courses and programs while in prison. Starkes therefore requested that the trial court resentence him to a determinate term of 29 years and eight months.

In response, the People conceded that Starkes was entitled to have the trial court strike the one-year enhancement for a prior prison term under section 667.5(b). However, they opposed any further reduction in Starkes's sentence, noting that the trial court had denied Starkes's *Romero* motion in 1997 and Starkes had been denied parole in 2020 for a period of five years.[4]

After argument at the resentencing hearing, the trial court struck the one-year prior prison term enhancement imposed under section 667.5(b) but declined to modify the sentence any further. The court stated it was "comfortable" finding that Starkes might pose a danger to public safety if his sentence was further reduced in part because "Mr. Starkes has been afforded

---

[4] As is further discussed in the context of mootness, Starkes was granted parole on November 27, 2024.

6

the right to have these parole hearings and has not been released on parole." The court explained that even though the Three Strikes sentencing scheme "has been significantly reformed since Mr. Starkes was sentenced," Starkes did not qualify for those resentencing reforms because he "appears to be a person that fit in the spirit of those sentencing schemes when they were passed." In determining striking one or more of Starkes's strike priors would not be in the interest of justice, the trial court further noted that nothing had happened since the denial of Starkes's *Romero* motion in 1997 that persuaded it "that those decisions were wrong," or that Starkes's sentence should be revised under the current sentencing laws.

This appeal followed.

## DISCUSSION

Starkes contends the trial court abused its discretion at the 2023 resentencing hearing in refusing to strike one of his prior strike convictions under the Three Strikes law, as well as the five-year enhancement for his prior serious felony conviction under section 667, subdivision (a). As a preliminary matter, he also argues in reply that his appeal is not moot despite the fact he was granted parole during the pendency of this appeal. We address the threshold issue of mootness before discussing the merits of Starkes's contentions.

### I. Mootness

An appeal becomes moot when events have rendered it impossible for an appellate court to grant effective relief. (*La Mirada Avenue Neighborhood Assn. of Hollywood v. City of Los Angeles* (2016) 2 Cal.App.5th 586, 590.) "A criminal case should not be considered moot where a defendant has completed a sentence where, as here, the sentence may have 'disadvantageous collateral consequences.' " (*People v. Ellison* (2003) 111

7

Cal.App.4th 1360, 1368–1369.)

Here, Starkes's appeal is not moot because if he were to violate the terms of his parole, he would again be exposed to the state prison sentence he is currently challenging. (See *People v. Ellison*, *supra*, 111 Cal.App.4th at p. 1369.) Moreover, if we grant Starkes relief by remanding this matter for resentencing, it is possible he could receive a shorter sentence that could, in turn, affect the length of time he would remain on parole. (See *People v. Morales* (2016) 63 Cal.4th 399, 405 [noting the "long-established rule" that "excess presentence credits can reduce any period of parole"].) Because there is effective relief that could be granted, the appeal is not moot. We turn therefore to the merits.

## II. Standard of Review

A trial court's decision whether to dismiss a prior strike conviction is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) We also review for abuse of discretion a trial court's decision under section 1172.75 that reduction of a defendant's sentence would endanger public safety. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at p. 377.) The burden is on the party attacking the sentence to demonstrate the sentencing decision was irrational or arbitrary. (*Id.* at p. 376.)

## III. Analysis

### A. Prior Strike Conviction Under the Three Strikes Law

Starkes first argues the trial court erred in refusing to dismiss one of his prior strike convictions because "they occurred over 35 years before [Starkes's] resentencing hearing." In support, he points out that under section 1385, subdivision (c)(2)(H), a factor that weighs greatly in favor of

8

dismissal is the fact an " 'enhancement is based on a prior conviction that is over five years old.' " But Starkes's reliance on section 1385, subdivision (c) is misplaced. It is well established that "section 1385, subdivision (c) applies by its terms to a sentence '*enhancement*,' but not to a sentence derived from the alternative sentencing scheme of the Three Strikes law." (*People v. Dowdy* (2025) 107 Cal.App.5th 1, 9.) As such, the trial court was not required to afford great weight to the "remoteness" of the 1985 burglary convictions.

Moreover, the strike prior convictions were not as remote as Starkes's argument might suggest. According to the 1996 pre-sentence report, Starkes's criminal history dates back to 1976 and includes convictions both before and after the 1985 burglary strikes being contested. Specifically, in the 10 years between the burglary strikes and the 1995 carjackings for which the resentence is challenged here, Starkes suffered convictions for another theft offense in 1987 (§ 666), a drug offense and probation violation in 1990 (Health & Saf. Code, § 11351), and a battery in 1994 (§ 242), and served custodial time for each. And while Starkes's strike prior convictions necessarily aged further during his time in prison, this circumstance does not demonstrate a 35-year incident-free history weighing in favor of striking these "remote" prior convictions. Rather, Starkes committed the 1985 burglary strikes "as part of a long and continuous criminal record, the construction of which the law was meant to attack." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

Next, Starkes argues the trial court ignored the "clear and sustained efforts" he made towards rehabilitation and erroneously concluded that nothing had happened since the denial of his *Romero* motion in 1997 that indicated he was entitled to a sentence reduction. In support, Starkes points to the fact that he only had six disciplinary write ups during his first 21 years

9

in prison and no write ups in the six most recent years. He also states that he obtained his GED in prison, participated in over a dozen courses focusing on addiction, gangs, and victims, and wrote heartfelt apology letters to each of the three victims of his carjackings. Notwithstanding Starkes's positive efforts, the court's ruling was not an abuse of discretion.

The Three Strikes law was "intended to restrict courts' discretion in sentencing repeat offenders." (*Romero*, *supra*, 13 Cal.4th at p. 528.) To this end, " 'the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

In determining whether a prior strike conviction should be dismissed, " 'the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*Carmony*, *supra*, 33 Cal.4th at p. 377.) There is, however, a strong presumption that a sentence conforming to the Three Strikes law is "both rational and proper." (*Carmony*, at p. 378.) In light of this presumption, a trial court will generally only be found to have abused its discretion in "limited circumstances" such as where the court was unaware of its discretion to dismiss a strike or considered impermissible factors in declining to dismiss. (*Ibid.*) Further, the

circumstances under which a defendant can be deemed to fall outside the spirit of the Three Strikes law must be "extraordinary." (*Ibid.*)

Here, no extraordinary circumstances exist. The trial court was presented with information regarding Starkes's convictions, background, character, and prospects, including the transcript of Starkes's November 2020 parole hearing and the comprehensive risk assessment conducted shortly before. At the 2020 parole hearing, it emerged that Starkes was exposed to physical and emotional abuse as a child that led to the early use of intoxicants and an ensuing drug addiction. This substance abuse accompanied a "relatively lengthy" criminal history, which began when Starkes was 15 years old and included possession of a knife or gun on numerous occasions; multiple counts of assault; the 1985 felony convictions for burglary and convictions for theft in 1987; possession of a controlled substance in 1991; and battery in 1994, before Starkes committed the carjackings in 1995. As for the carjackings, Starkes represented they were motivated by his drug addiction.

While in prison, Starkes obtained his GED, took college courses, and developed marketable skills such as computer literacy and facilities maintenance. Though commendable, these recent and somewhat inconsistent efforts were not sufficiently "extraordinary" as to render erroneous the trial court's determination that Starkes did not fall "outside the spirit" of the Three Strikes law. (See *Carmony*, *supra*, 33 Cal.4th at pp. 377, 378.) For example, relative to his drug addiction, the trial court considered the 2020 parole board's comment that Starkes's engagement in drug abatement programming was "very recent and very thin," leading to their concern Starkes would relapse into drug use if he was released. And in a 2020 comprehensive risk assessment, Starkes was found to have a

11

"moderate risk of violence" despite his age and years in custody. The assessing psychologist was concerned about Starkes's "inadequate behavioral controls" in response to "trivial issues" while in prison and the potential for "increased access to toxicants" once released to the community.

Given this information, it was reasonable for the trial court to conclude that Starkes did not fall outside the spirit of the Three Strikes law such that either of his prior strike convictions warranted dismissal. Beginning in 1976, Starkes had been arrested and charged with serious crimes every few years until he was ultimately convicted for the carjackings. Further, between his 1985 burglary convictions and his 1995 carjackings, Starkes repeatedly engaged in criminal behavior including theft, possession of controlled substances, and battery. "[O]lder strike convictions do not deserve judicial forgiveness unless the defendant has used them as a pivot point for reforming his ways." (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1107.) Moreover, though Starkes has taken steps towards academic improvement during his time in prison, he did not take steps to address the drug addiction he asserts is the root cause of many of his crimes until he learned of the recent changes to the sentencing laws. And despite his age, Starkes was still assessed to present a moderate risk of violence as recently as 2020.

Under these circumstances, the trial court's conclusion that Starkes did not fall outside the spirit of the Three Strikes law such that one of his prior strike convictions should be dismissed was not irrational or arbitrary; there was no abuse of discretion.

## B. Prior Serious Felony Enhancement

Starkes asserts the trial court abused its discretion by refusing to dismiss his five-year enhancement for a prior serious felony conviction under section 667, subdivision (a). His appeal does not address this enhancement

12

separately but combines it with his argument the trial court erred in denying his request to strike one of his prior strike convictions.

For reasons similar to those previously discussed, Starkes fails to establish the trial court abused discretion. Under section 1385, subdivision (c), a trial court is authorized to dismiss an enhancement if various mitigating factors exist "unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) Here, the trial court reasonably concluded that a reduction in Starkes's sentence could endanger public safety. Prior to his incarceration, Starkes had a lengthy and continuous criminal history. Further, many of his crimes appeared to have been motivated by his drug addiction, which he had only recently taken steps to address. While in prison, multiple incidents indicated Starkes continued to lack behavioral control. As such, it was not irrational or arbitrary for the trial court to find that Starkes might pose a danger to public safety if his prior felony enhancement was dismissed and his sentence reduced, particularly when, just a few years prior to the resentencing hearing, Starkes still presented a moderate risk of violence even though he was 62 years old and had already been incarcerated for over 20 years.

## DISPOSITION

The order is affirmed.

DESAUTELS, J.

We concur:

STEWART, P.J.

MILLER, J.

*People v. Starkes* (A169356)